UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24604-BLOOM/Otazo-Reyes**

KEVIN BROWN,

    Plaintiff,

v.

CAPTAIN S. WILLIAMS, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Captain S. Williams and Sergeant Modley's ("Defendants") Motion to Stay Proceedings Pending Adjudication of Motion to Dismiss, ECF No. [51] ("Motion to Stay").[1] In the Motion to Stay, Defendants request that the Court enter an order staying discovery pending resolution of Defendants' Motion to Dismiss, ECF Nos. [34] & [43] ("Motions to Dismiss"). The Court has reviewed the Motion to Stay, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Stay is granted.

*Pro se* Plaintiff initiated this action on November 5, 2020, ECF No. [1] ("Complaint"), which alleges that Defendants violated his First and Fourteenth Amendment rights by retaliating against him because of his protected speech. In the Motions to Dismiss, Defndants seek dismissal of Plaintiff's Complaint on a number of grounds, including failure to state a claim and qualified imminuty. *See generally* ECF Nos. [34] & [43]. Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on

---

[1] Plaintiff Kevin Brown ("Plaintiff") was given the opportunity to respond to the Motion, but has failed to do so.

a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Moreover, a stay is appropriate where a party has asserted qualified immunity as a defense, because "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985).

The Court has taken a "preliminary peek" at the Motions to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012). "[B]alanc[ing] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011), the Court finds that a stay is appropriate here.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Stay, **ECF No. [51]**, is **GRANTED**.

2. All discovery, including scheduled deadlines and hearings, shall be **STAYED** pending resolution of the Motions to Dismiss, ECF No. [34] & [43].

3. In light of the Court's Order, the Notice of Filing Selection of Mediator by the Parties, **ECF No. [54]**, which requests that the Court designate a Magistrate Judge as a mediator in this action, is **DENIED AS MOOT**. Upon the stay being lifted, the Court will enter an amended Scheduling Order, and the parties may renew their request at that time.

Case No. 20-cv-24604-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record